**Anna Call SEATON, Appellant,**

v.

**Ruth SILLS, Trustee in Bankruptcy of Catfish King, Inc., Appellee.**

**No. 25895.**

United States Court of Appeals
Fifth Circuit.

Nov. 1, 1968.

J. E. B. Stewart, Ellenwood, Ga., for appellant.

S. J. Zusmann, Jr., Atlanta, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, TUTTLE, Circuit Judge, and FISHER, District Judge.

PER CURIAM:

This is an appeal from a decision of the District Court that a $15,000 payment made by the bankrupt corporation to the former wife of the owner of the corporation constituted a fraudulent transfer of the corporation's assets under Section 67(d) (2) (a), 11 U.S.C.A. § 107, of the Bankruptcy Act.

On February 12, 1965, Appellant entered into a $15,000 consent judgment in the Georgia State Courts with her former husband—that amount representing accelerated alimony owed by the husband under a prior divorce decree. On February 25, 1965, Catfish King, Inc., a corporation wholly owned by the husband, sold certain property, and, in accordance with the earlier consent judgment, $15,000 of the proceeds of the sale was paid over to the wife. In May 1965 the corporation was declared a bankrupt.

On a plenary hearing in which Trustee sought to recapture the funds from the former wife, the District

Court found that the assets sold on February 25 were the assets of the corporation, Catfish King, Inc., rather than the husband. Consequently, the sale proceeds paid to the wife ($15,000) was the money of the corporation. The Court found further that the transfer to the wife was without consideration, and that at the time of the transfer the corporation was insolvent. These facts bring the transaction squarely within the definition of fraudulent transfer contained in Section 67(d) (2) (a) of the Act.

■ The District Court's fact findings more than pass muster under F.R. Civ.P. 52(a). The burden of showing that the findings are clearly erroneous —not carried here—is on the party attacking them. See Chaney v. City of Galveston, 5 Cir., 1966, 368 F.2d 774. The trial judge's findings have adequate basis as does his judgment that transfer by the corporation must be set aside.

Affirmed.