Golie Leroy TERRELL, Plaintiff-Appellant,

v.

The FELDSTEIN COMPANY, INC., Defendant-Appellee.

No. 72-2494

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 3, 1972.

Rehearing Denied Dec. 5, 1972.

---

* Honorable Malcolm M. Lucas, United States District Judge, Central District of California, sitting by designation.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

U. W. Clemon, Birmingham, Ala., for plaintiff-appellant.

A. Berkowitz, Jackson M. Payne, Birmingham, Ala., for defendant-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Terrell appeals from an adverse judgment entered in a non-jury trial in which he asserted that, in violation of 42 U.S.C.A. § 1981 and 42 U.S.C.A. § 2000e et seq., the Company maintained a racially discriminatory promotional policy, refused to promote him to salesman, and discharged him when he sought the promotion.

Two questions are presented for review: (1) did the district judge consider the proffered statistical evidence of class discrimination on the part of Feldstein; and (2) are the district court's findings of fact "clearly erroneous"?

Since the answers to the interrogatories propounded by Terrell to the Company, from which the statistical exhibits were abstracted, were admitted into evidence, Terrell's contention that the district court failed to consider this documentary evidence is without merit. Moreover, the district court's findings of fact more than pass muster under Rule 52(a), Fed.R.Civ.P. Although statistical evidence of a pattern or practice of discrimination is of probative value in an individual discrimination case for the purpose of showing motive, intent, or purpose, cf. Marquez v. Omaha District Sales Office, Ford Division of Ford Motor Co., 8 Cir. 1971, 440 F.2d 1157, it is not determinative of an employer's reason for the action taken against the individual grievant. The record contains ample evidence to support the conclusion that Terrell's non-promotion and subsequent discharge were for no other reason than just cause. In short, Terrell fails to carry his burden of showing, as the attacking party must, that the district court's fact findings were "clearly erroneous." United States of America v. Reddoch and Taylor et al., etc., 5 Cir. 1972, 467 F.2d 897; see Martin v. Mercantile Financial Corp., 5 Cir. 1968, 404 F.2d 886; Seaton v. Sills, 5 Cir. 1968, 403 F.2d 710.

Affirmed.