423 F.Supp. 132 (1976)
Samuel MOPKINS, Plaintiff,
v.
ST. LOUIS DIE CASTING CORPORATION, Defendant.
No. 76-234C(4).
United States District Court, E. D. Missouri, E. D.
December 7, 1976.
*133 Michael J. Hoare, Mid-America Employment Rights Project, St. Louis, Mo., for plaintiff.
Ward Fickie, Clayton, Mo., for defendant.

MEMORANDUM
NANGLE, District Judge.
Plaintiff Samuel Mopkins brought suit herein pursuant to 42 U.S.C. § 2000e et seq. and 28 U.S.C. § 1343 alleging discrimination on account of race.
This case was tried to the Court sitting without a jury. After consideration of the pleadings, the testimony of the witnesses, the documents in evidence and the stipulations of the parties, the Court hereby makes the following findings of fact and conclusions of law as required by Rule 52, Federal Rules of Civil Procedure:

FINDINGS OF FACT
1. Plaintiff Samuel Mopkins is a black male resident of the state of Missouri and was at all times relevant herein a citizen of the United States. Defendant St. Louis Die Casting Corporation is a corporation organized and existing pursuant to the laws of the state of Missouri and is an employer within the meaning of 42 U.S.C. § 2000e et seq.
2. Plaintiff was employed by defendant at its facility in Bridgeton, Missouri on February 8, 1974 and was discharged on February 28, 1974.
3. All new employees are placed on a one month probationary period during which time the employee is observed by the supervisor. At the end of the month, the supervisor recommends whether the employee should be retained basing that decision on a determination of the employee's ability to perform the job, to get along with fellow employees, and to display dependability, good attendance and personality. Defendant's labor contract with District 9 of the International Association of Machinists and Aerospace Workers provides that defendant may discharge probationary employees without recourse from the union.
4. Approximately 98 persons were hired as probationary employees during the period of October, 1973 through August, 1974. Forty-two were retained and fifty-two were terminated during the probationary period. The racial identities of those persons who were terminated during the probationary period is unknown.
5. Of defendant's work force as of July, 1974, 135 employees had been offered permanent employment since 1968, of whom five were black.
6. Plaintiff's supervisor, while plaintiff was employed as a full-time porter in a probationary status, was Ms. Kate Moody, a white female. Ms. Moody discharged plaintiff because she felt that he would not be an adequate employee. She reached this determination because of an unauthorized *134 use of equipment, a discussion concerning plaintiff's paycheck, and complaints by female co-employees.
7. According to Ms. Moody, one of these female employees commented that plaintiff engaged in conversation with her, swept under her feet and reached over her shoulder for the purpose of getting an ashtray to empty. Ms. Moody did not ask this employee why she made her comments but construed the comments to mean the plaintiff was interfering with this employee's ability to perform her job.
8. The second female employee told Ms. Moody that plaintiff had referred to her in conversation as "babe" and "honey".
9. Dr. Robert L. Williams, a professor of psychology at Washinton University, St. Louis, Missouri, testified that it was his opinion that blacks are more likely than whites to use terms such as "dear" and "honey" innocuously in the work environment.
10. Ms. Moody had considered two other incidents in initiating plaintiff's discharge: use of a fork-lift without her permission and a discussion with plaintiff about the propriety of his paycheck.
11. Plaintiff did not testify. Nor did he present any evidence regarding employment since the date of discharge. Defendant's evidence tended to show that plaintiff had earnings since discharge of approximately $7,000.00 and additionally that plaintiff had received unemployment compensation benefits during this period.
12. Ms. Moody's decision to discharge plaintiff was not based, in whole or in part, upon plaintiff's race.

CONCLUSIONS OF LAW
This Court has jurisdiction over the subject matter and parties to this action in accordance with 42 U.S.C. § 2000e et seq. and 28 U.S.C. § 1343.
This Court has found that plaintiff was not discharged because of his race. Plaintiff argues that the statistical evidence establishes a prima facie case of discrimination, thus shifting the burden to defendant to justify its use of subjective criteria in connection with the retention or dismissal of probationary employees. The Court disagrees. At the outset, the Court notes that the pool of probationary employees, from which the statistics must be drawn, is too small to have predictive value. Harper v. Trans World Airlines, Inc., 525 F.2d 409 (8th Cir. 1975). Additionally, in King v. Yellow Freight Systems, Inc., 523 F.2d 879 (8th Cir. 1975), the court stated that statistical evidence in an individual discrimination suit may be useful to show motive, intent or purpose but "is not determinative of an employer's reason for the action taken against the individual grievant". Id. at 882, citing Terrell v. Feldstein Company, Inc., 468 F.2d 910, 911 (5th Cir. 1972). Thus, the Court concludes that the statistical evidence offers no support for plaintiff's claim.
Plaintiff also claims that since Ms. Moody's decision was based in part on plaintiff's use of "babe" and "honey" in reference to another female employee, the decision was discriminatory as a matter of law. See Marquez v. Omaha District Sales Office, 440 F.2d 1157 (8th Cir. 1971). Plaintiff supports this claim with the testimony of Dr. Robert Williams who testified that blacks are more likely to use terms such as "dear" and "honey" innocuously in a work environment. It is not disputed that the law forbids use of neutral policies having discriminatory impact upon blacks. Griggs v. Duke Power Co., 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971). The Court, however, refuses to conclude that such is the case herein. The Court has been unable to find, and counsel was not presented, any cases in which a court found discrimination in a situation analogous to the one herein. Every cultural and racial group, indeed every individual, has idiosyncracies peculiar to it. Not every action of a member of a minority can be viewed as a minority characteristic deserving of protection under the law. The goal of 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981 is equality under the law, not the protection of minorities against the imposition of standards of conduct for employees. Accordingly, the Court concludes *135 that the determination to discharge plaintiff while a probationary employee in part because plaintiff used the terms "babe" and "honey" in referring to other female employees does not constitute discrimination under the law.
Plaintiff also contends that the use of subjective criteria, in reaching the decision to discharge him, is racially impermissible. While subjective criteria must be closely scrutinized by the courts, United States v. N.L. Industries, Inc., 479 F.2d 354 (8th Cir. 1973), plaintiff's sole argument in this regard is the consideration by Ms. Moody of the comments of the female employees. One comment was interfering with the performance of another employee's job. The import of the comments concerning modes of address was not discussed by Ms. Moody but the Court presumes that the employee found such terms of address to be offensive. The Court concludes that consideration of these remarks was not discriminatory herein. The close scrutiny required does not compel a conclusion of discrimination. Ms. Moody had several reasons for determining that plaintiff should not be retained and the Court finds that none of these reasons had a discriminatory basis or impact under the circumstances of this case.
Judgment will be entered for defendant.