Samuel **MOPKINS**, Appellant,

v.

**ST. LOUIS DIE CASTING CORP.,**
Appellee.

No. 77–1157.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 14, 1977.

Decided Jan. 3, 1978.

Rehearing and Rehearing En Banc
Denied Feb. 2, 1978.

Michael J. Hoare, St. Louis, Mo., on brief, for appellant.

Ward Fickie, Clayton, Mo., for appellee; Ward, Biggs, Casserly, Barnes, Fickie & Wolf, Clayton, Mo., on brief.

Before GIBSON, Chief Judge, LAY and STEPHENSON, Circuit Judges.

PER CURIAM.

▮ Plaintiff-appellant Samuel Mopkins, a black male, was hired as a porter on a probationary basis by defendant-appellee St. Louis Die Casting Corp., and was subsequently discharged during his 30-day probationary period. The manner in which Mopkins carried out his duties as a porter disturbed some of the female employees with whom he worked and was the occasion for their comments to a supervisor on this matter. This factor, coupled with disagreements Mopkins had with his supervisor, resulted in the termination of his probationary employment. His supervisor testified that she did not consider that Mopkins would make a good permanent employee, even though his work was satisfactory. Mopkins himself chose not to testify on his own behalf, and failed to controvert any of the legitimate reasons for his discharge presented by his ex-employer. Mopkins' only evidence of racial discrimination was the testimony of a psychologist who testified as an expert on ethnic expressions. The relevance of this testimony in the factual context of this case appears tenuous, for it did not pertain, in any fashion, to Mopkins' controversy with his supervisor over his failure to follow instructions. Moreover, opinions testified to by an expert are certainly not binding on the court.

▮ In the trial to the court, the trial judge had the opportunity to observe the witnesses and assess their credibility; he found that the "decision to discharge plaintiff was not based, in whole or in part, upon plaintiff's race." Our review of the record convinces us that this finding is amply supported by the evidence and is certainly not clearly erroneous. Plaintiff did not adduce sufficient evidence to establish racial discrimination in his discharge. The District Court, properly, declined to make a finding of racial discrimination where the record indicated that there was none. We find neither factual nor legal error in his disposition of this case. An opinion by this court would have no precedential value and we affirm on the basis of Judge Nangle's memorandum opinion, which is reported at 423 F.Supp. 132 (E.D.Mo.1977).

LAY, Circuit Judge, dissenting.

I respectfully dissent.

The district court's findings are supported by only the barest thread of evidence. The record reflects that the trial court used an erroneous standard of proof, based its conclusion on uncorroborated hearsay, and built inference upon inference; surely, our mandate requires a reversal.

I strenuously object to a finding made by the trial court that the plaintiff was discharged because he acted in an "offensive

manner." Not one shred of testimony or evidence in this record justifies such a conclusion. This egregious conclusion is not offered by the plaintiff's employer as the reason for his discharge; rather, it is invented by unwarranted judicial inference. St. Louis Die Casting allegedly based Mopkins' discharge upon his "personality" and "attitude." The term offensive finds its origin in the trial court's opinion based on its admitted assumption that this is what the employer had in mind. The majority here erroneously enlarges the trial court's assumption into a factual finding which says this plaintiff was "disturbing" to others. No credible evidence supports these statements.

The evaluation of Mopkins upon which his dismissal was based consisted of a supervisor's interpretation of two isolated episodes involving two co-workers. In one instance one of the white female employees *commented* to the supervisor that plaintiff had called her "honey" or "babe" while on another occasion another female employee mentioned that Mopkins at one time had swept under her feet and had reached over her shoulder to pick up an ash tray. Since neither employee testified, the statements as related by Mopkins' supervisor were obvious hearsay. Contrary to the district court's holding, the supervisor conceded that the women had not complained that Mopkins' conduct was either "improper" or "suggestive." In addition, the supervisor did not ask the women whether their comments were in any way related to the fact that plaintiff was a black employee. Crediting such hearsay as a factual premise for the inference that plaintiff acted in an offensive manner without further investigation and inquiry is patently unwarranted.

On appeal the employer attempts to assert additional grounds including insubordination and failure to follow normal grievance procedure to support plaintiff's dismissal. None of these reasons were raised in response to the EEOC investigation and, in addition, are not factually supported in the record. The employer's change of position substantiates the conclusion that the reasons given for the discharge were pretextual only. This conclusion is strongly supported by the defendant's concession that the plaintiff was a satisfactory employee with respect to quality of work, quantity of work, personal appearance, attendance and dependability.

Plaintiff met his burden of establishing a prima facie case. Mopkins belongs to a racial minority and he performed his assigned tasks adequately. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The burden then shifted to the employer to show a business necessity to justify plaintiff's discharge. It is well settled that when subjective reasons are urged as justifying a discharge courts should strictly scrutinize their validity to ensure they are not merely a pretext for discrimination. It is obvious the district court failed to do so. If a reviewing court does not carefully review such cases, then racially motivated discharges may be masked under the weakest of reasons such as personality, speech, environment, or appearance. *Cf. Smith v. Board of Education,* 365 F.2d 770, 782 (8th Cir. 1966).[1] When such reasons are used as the basis of a discharge of a minority employee the record should demonstrate by clear and convincing proof that the criterion is related to a real business need and is not pretextual.

Where, as here, uncorroborated hearsay is credited and minor deficiencies in job performance are urged without a good faith attempt on the employer's part to apprise the employee of the alleged deficiencies the law requires more to justify a discharge.

1. Judge Blackmun (now Mr. Justice Blackmun) then wrote:

> However, in this day race per se is an impermissible criterion for judging either an applicant's qualifications or the district's needs. And this applies equally to considerations described as environment or ability to communicate or speech patterns or capacity to establish rapport with pupils when these descriptions amount only to euphemistic references to actual or assumed racial distinctions.

*Smith v. Board of Education,* 365 F.2d 770, 782 (8th Cir. 1966).

See *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 432 n. 30, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975); *Rogers v. International Paper Co.,* 510 F.2d 1340, 1345–46 (8th Cir.), *vacated on other grounds,* 423 U.S. 809, 96 S.Ct. 19, 46 L.Ed.2d 29 (1975); *Robinson v. Union Carbide Corp.,* 538 F.2d 652, 662 (5th Cir. 1976), *modified,* 544 F.2d 1258, *cert. denied,* —— U.S. ——, 98 S.Ct. 65, 54 L.Ed.2d 78 (1977).

I would reverse.