Carl W. **TINNON** and Lola Tinnon, Appellants,

v.

**BURLINGTON NORTHERN RAILROAD COMPANY,** Appellee,

Bituminous Fire & Marine Ins. Co., Stor–All Manufacturing Co., Intervenors Below–Appellants.

No. 89–1403.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 17, 1990.

Decided March 23, 1990.

Rehearing and Rehearing En Banc Denied May 11, 1990.

Noyl Houston, Jonesboro, Ark., for appellant Carl W. Tinnon.

David N. Laser of Jonesboro, Ark., for intervenor/appellant Bituminous Fire & Marine Ins. Co.

John C. Deacon of Jonesboro, Ark., for appellee.

Before BOWMAN, WOLLMAN and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Carl W. Tinnon, Lola Tinnon, Bituminous Fire & Marine Insurance Company and Stor-All Manufacturing Company (the appellants) appeal a district court[1] order which denied their motion for a new trial after a jury returned a verdict for Burlington Northern. The appellants asked for a new trial because they claim that a jury instruction improperly omitted reference to an exception to an Arkansas statute. The district court stated that the appellants' objection to the jury instruction was not "specific enough to preserve the issue and warrant a new trial." *Tinnon v. Burlington N. R.R.*, No. J-C-86-39, slip op. at 3 (E.D.Ark. Feb. 27, 1989). The appellants appeal on three grounds: (1) the trial court committed reversible error in giving the instruction based on the Arkansas statute; (2) the trial court committed plain error in giving the instruction; and (3) the trial court committed reversible error in denying the appellants' motion for a new trial. We affirm.

## I. BACKGROUND

On May 21, 1984, a Burlington Northern train and a tractor-trailer truck collided in Jonesboro, Arkansas. The truck, driven by Carl Tinnon, was owned by Stor-All Manufacturing Company. The collision occurred on Burlington Northern trackage at a place referred to as the Industrial Drive crossing.

The Burlington Northern tracks run north and south, parallel to Highway 63-B. Industrial Drive crosses the tracks and Highway 63-B at a forty-five degree angle. On May 21, Tinnon drove the truck along Industrial Drive, crossed over the tracks, and stopped his vehicle behind a white car that was waiting to turn onto Highway 63-B. The back of Tinnon's truck remained on the tracks. Trial Transcript, vol. I, at 138. The traffic on Highway 63-B was heavy and the white car had to wait several minutes before it could turn onto the highway.

While Tinnon's truck was on the tracks, a train with one locomotive, one caboose, and eight cars carrying rock approached the Industrial Drive crossing. The train whistle blew, the railroad crossing bells rang and the lights flashed to warn Tinnon of the approaching southbound train. *Id.* at 117, 139-40. The white car turned onto Highway 63-B and the truck rolled forward toward the stop sign protecting route 63-B. The truck-trailer unit, however, did not clear the tracks and the train hit the trailer. The rear end of the trailer flew into the air and pivoted, flipping the tractor over as it landed. *Id.* at 143. Tinnon was injured and he sued Burlington Northern. Bituminous Fire and Marine Insurance Company and Stor-All Manufacturing

---

1. The case was heard before the Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

Company intervened as plaintiffs. Appellants' app. at 14–16.

The case was tried before a jury from January 30 to February 1, 1989. At trial, Tinnon testified that "I did not know that part of the trailer was still on the tracks. I did not hear any whistle or horn, see any lights or have any warning that a train was approaching." Trial Transcript, vol. III, at 478. The train engineer testified that he was 1200–1500 feet from the crossing when he slowed the train to 31–32 miles an hour. The engineer stated that he did not see any vehicles in front of Tinnon's truck and that he continued to blow the train whistle because he expected the truck to move. The engineer testified that at 800–900 feet from the truck, he put the train in emergency and then "hit the floor." Id. at 567–68. Numerous witnesses testified concerning their observations of when the white car turned onto Highway 63–B and whether Tinnon had enough time to clear the tracks before the train hit the truck.

The parties rested on February 1, 1989, and the judge held a short conference on the proposed jury instructions. The instruction at issue was offered by Burlington Northern and it was based on an Arkansas statute, A.C.A. § 27–51–1302(a) (1987). The statute provides that:

> (a) No person shall stop, stand, or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with the directions of a police officer or traffic-control device, in any of the following places:
> (9) Within fifty feet (50′) of the nearest rail of a railroad crossing.

Id.

When submitting this instruction, Burlington Northern omitted the language from the statute which provided the exception dealing with the necessity "to avoid conflict with other traffic." Thus, the court instructed the jury as follows:

> Now, there was in force in the state of Arkansas at the time of the occurrence a statute which provided that no person shall stop a vehicle within 50 feet of the nearest rail of a railroad crossing.

> A violation of this statute, although not necessarily negligence, is evidence of negligence to be considered by you along with all of the other facts and circumstances in the case.

Trial Transcript, vol. III, at 594.

Burlington Northern apparently did not give a copy of this proposed jury instruction to the appellants when the instructions were given to the court on the first day of trial. See appellants' app. at 73–74. Burlington Northern did refer to Arkansas law and the requirement of stopping at railway crossings in its opening statement, but did not specifically cite this statute. Trial Transcript, vol. I, at 70–71. During the pre-trial instruction conference, the court handed both parties the proposed jury instructions. At this point, the appellants did not know that Burlington Northern had submitted the statutory instruction. Rather, the appellants believed that the jury instruction was prepared by the court. The appellants objected to the instruction on the grounds that it was not applicable to the facts and that it was misleading because Tinnon had already crossed the tracks and was beyond them rather than approaching the tracks. The court overruled the objection. Id., vol. III, at 578–79. The jury was instructed and before the jury retired, the court asked if counsel had any further objections. Both parties said no. Id. at 601.

As previously indicated, the jury returned a verdict for Burlington Northern. After the trial, the appellants discovered that the instruction had been offered by Burlington Northern and that the Arkansas statute contained an exception which had been omitted. Burlington Northern responded by stating that it had intended to put the instruction on the appellants' table on the first day of the trial, but apparently this was inadvertently overlooked. Burlington Northern offered an apology for this oversight. Appellants' app. at 73–74. Burlington Northern, however, asserted that the instruction was not erroneous and argued that the motion for a new trial should be denied. The district court denied the motion on the grounds that the appellants had failed to properly

object to the instruction as required by Federal Rule of Civil Procedure 51.

## II. DISCUSSION

Federal Rule of Civil Procedure 51 provides:

> The court, at its election, may instruct the jury before or after argument, or both. No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury.

The purpose of Rule 51 is to compel attorneys to notify the trial court when there is a defect in the jury instructions so that the court can correct the error before the case is submitted to the jury. *See Missouri Pac. R.R. v. Star City Gravel Co.*, 592 F.2d 455, 459 (8th Cir.1979). Counsel, therefore, cannot rely on the court or another party to discharge this duty. *See Phillips v. Parke, Davis & Co.*, 869 F.2d 407, 409 (8th Cir.1989). In this case, the appellants objected to the instruction on the ground that it was not applicable to the facts and that it was misleading, not on the ground that a portion of the Arkansas statute had been omitted from the instruction. We agree that the appellants did not distinctly state the nature of their complaint as required by Rule 51. Thus, we are limited to reviewing the instruction under the plain error standard. *See id.* We believe that the alleged mistake, if any, did not seriously affect the reasonableness, rectitude, or reputation of the judicial proceedings and, therefore, that this is not one of those rare cases requiring reversal for plain error. *See Figge Auto Co. v. Taylor*, 325 F.2d 899, 907 (8th Cir.1964). Furthermore, even if the appellants had objected properly, under the facts of this case we find that the trial court properly instructed the jury on the applicable law and reversal would not be warranted.

## III. CONCLUSION

The district court did not commit plain or reversible error in giving the instruction or in denying appellants' motion for a new trial. Accordingly, the decision of the district court is affirmed.