5 F.3d 532
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Charles E. ROBERTS, Appellant,
v.
George ROSS; John Sullivan, Appellees.
 No. 93-1184.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 20, 1993.
Filed: September 7, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Charles Roberts, a Missouri inmate, appeals following a jury verdict in favor of police officers George Ross and John Sullivan in this 42 U.S.C. Sec. 1983 action alleging police brutality. We affirm.
 
 
 2
 At the jury instruction conference, Roberts's attorney generally objected to one sentence in defendants' proposed instruction that defined "excessive force" under the Fourteenth Amendment four-part test set forth in Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033 (1973), and adopted by this court in Putman v. Gerloff, 639 F.2d 415, 420 (8th Cir. 1981). Roberts's proposed instruction contained the same Fourteenth Amendment definition of "excessive force." The magistrate judge[1] overruled the objection, and gave the jury defendants' proposed instruction. After the jury found in favor of the defendants, Roberts moved for a new trial, renewing his argument that a sentence in the instruction was "unnecessary and redundant," ... "and therefore [was] not essential to proper submission of the issues for a claim of excessive force." The magistrate judge denied Roberts's motion.
 
 
 3
 Roberts now argues that the magistrate judge incorrectly instructed the jury on the definition of "excessive force." Roberts argues that the jury should have been instructed in accordance with the reasonableness standard of the Fourth Amendment used in the context of arrests rather than the standard of the Due Process Clause of the Fourteenth Amendment applicable to pretrial detainees.
 
 
 4
 Defendants correctly argue that Roberts raises the Fourth Amendment argument for the first time on appeal. Roberts did not offer a Fourth Amendment instruction at trial. The only objection Roberts raised below was that a sentence in defendants' instruction was "unnecessary and redundant." We conclude, therefore, that the magistrate judge did not abuse his discretion in giving the defendants' instruction, based on the instructions proposed by the parties, see Brown v. Stites Concrete, Inc., 994 F.2d 553, 559 (8th Cir. 1993) (standard of review), and we conclude that the magistrate judge did not abuse his discretion by denying Roberts's motion for a new trial because Roberts's argument was clearly meritless, see English v. United States, No. 92-3627, slip op. at 3 (8th Cir. July 13, 1993) (standard of review).
 
 
 5
 Because Roberts did not raise the Fourth Amendment objection below, our review is limited to plain error. See Hughes v. Box, 814 F.2d 498, 503 (8th Cir. 1987); see also Tinnon v. Burlington Northern R.R Co., 898 F.2d 1340, 1343 (8th Cir.), cert. denied, 498 U.S. 899 (1990). Before this case was tried, the Supreme Court held that "all claims that law enforcement officers have used excessive force ... in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." Graham v. Connor, 490 U.S. 386, 395 (1989). The Court also noted that the Due Process Clause also protects "a pretrial detainee from the use of excessive force that amounts to punishment." Id., 490 U.S. at 395 n.10. The record indicates that, at the times the defendants allegedly used excessive force, Roberts was an arrestee, and not a pretrial detainee. See Johnson-El v. Schoemehl, 878 F.2d 1043, 1048 (8th Cir. 1989). The parties agree that defendants used force against Roberts in the "booking room" immediately after he arrived at the Maplewood police station and again in the ambulance soon thereafter. We nonetheless conclude that no plain error occurred that seriously affected " 'the fairness, integrity or public reputation of judicial proceedings.' " Hughes, 814 F.2d at 503 (quoting Johnson v. Houser, 704 F.2d 1049, 1052 (8th Cir. 1983)); see also Phillips v. Parke, Davis & Co., 869 F.2d 407, 409 (8th Cir. 1989) (reversal warranted only in exceptional case where fairness, integrity, or public reputation of judicial proceedings is seriously affected); Johnson v. Ashby, 808 F.2d 676, 679 n.3 (8th Cir. 1987) (in civil litigation, plain-error exception limited to only "the most compelling cases").
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)